IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GREGORY MEADE, )
)
        Plaintiff, )
)
v. )   Civil Action No. 3:21cv222–HEH
)
SUPERINTENDENT TIKKI HICKS, )
*et al.*, )
)
        Defendants. )

**MEMORANDUM OPINION**
**(Denying Defendant's Motion to Dismiss)**

In his "Corrected Amended Complaint," filed on November 5, 2021, Plaintiff Gregory Meade ("Meade" or "Plaintiff"), alleges that he received inadequate medical treatment from staff at Haynesville Correctional Center ("HCC").[1] (Am. Compl., ECF No. 48.) Among these staff members is Tikki Hicks ("Defendant Hicks"), the Superintendent of HCC. Currently before the Court is Defendant Hicks' Motion to Dismiss (the "Motion") filed on November 29, 2021. (ECF No. 56.) The parties have submitted memoranda in support of their respective positions. On February 7, 2022, the Court heard oral argument on the issues, and the Motion is now ripe for review. For the reasons stated herein and on the record at the hearing, the Court will deny the Motion.[2]

---

[1] The Court will refer to Plaintiff's "Corrected Amended Complaint" as his "Amended Complaint" for simplicity's sake.

[2] Plaintiff also filed a Motion to Stay Discovery pending the resolution of Defendant Hicks' Motion to Dismiss. (ECF No. 63.) Because the Court resolves the Motion to Dismiss in this Memorandum Opinion, the Motion to Stay Discovery will be denied as moot.

## I. STANDARD OF REVIEW

A Rule 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "A complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (alteration in original) (quoting *Tobey*, 706 F.3d at 387). However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 679). A court, however, "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)). In considering such a motion, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

## II. BACKGROUND

Viewed through the lens of the Rule 12(b)(6) standard of review, the facts are as

follows. At all relevant times, Meade was an inmate in the custody of the Virginia Department of Corrections at HCC. (Am. Compl. ¶ 4.) On April 2, 2020, Meade fractured a bone in his left hand during a fight with another inmate. (*Id.* ¶ 11.) As a result, his hand was visibly misshapen, and it caused Meade "immense pain." (*Id.* ¶¶ 12–13.) That same day, HCC staff transported Meade to the emergency room at a local hospital. (*Id.* ¶ 14.) There, medical personnel confirmed that Meade had fractured a bone in his hand (*id.* ¶ 16) and ordered him to wear a fiberglass splint for at least three weeks, elevate his hand as much as possible, and take Tylenol every six hours (*id.* ¶ 17). Medical personnel at the hospital also recommended Meade have a follow-up appointment with an orthopedic specialist. (*Id.* ¶ 19.)

Defendant Dr. Leonard Levin ("Dr. Levin") and Defendant Dr. Mahmood Adnan Durrani ("Dr. Durrani") were both responsible for Meade's medical treatment at HCC. (*Id.* ¶¶ 5–8.) After Meade returned to HCC from the hospital, Drs. Levin and Durrani denied him pain medications on certain occasions. (*Id.* ¶ 21.) Dr. Levin removed Meade's splint on April 20, 2020, only 2.5 weeks after he received it. (*Id.* ¶ 22.) Drs. Levin and Durrani also did not send Meade to an orthopedic specialist until six months later, on October 21, 2020. (*Id.* ¶ 32.) On that date, the orthopedic specialist informed Meade that his left hand had healed incorrectly, and since a corrective surgery would be invasive and painful, he would have a permanent deformity in his hand. (*Id.* ¶¶ 33–35.)

In July of 2020, Meade had another fight with an inmate and broke his right wrist. (*Id.* ¶ 37.) HCC staff, again, sent Meade to the hospital where medical personnel gave

3

him a splint and recommended surgery to place a pin in his right wrist. (*Id.* ¶¶ 37–38.) Dr. Levin delayed Meade's wrist surgery until August 13, 2020, which allegedly caused doctors to conduct a more complicated and painful surgery to correct the broken wrist. (*Id.* ¶¶ 47–48.) After surgery, Meade's right wrist was still painful, swollen, and leaked pus at times.[3] (*Id.* ¶¶ 50–51.)

From August 6, 2020, until November 3, 2020, Meade filed eight emergency grievances with HCC medical staff complaining of pain in his left hand and right wrist. (*Id.* ¶¶ 60–76.)[4] Each time, medical staff denied his emergency grievance. (*Id.*) Meade appealed each denial to Defendant Hicks, but each time Defendant Hicks denied the appeal and took no further action. (*Id.* ¶¶ 78–80.) According to the Amended Complaint, Defendant Hicks had the option of ordering additional treatment instead. (*Id.* ¶ 80.)

Based on these facts, Plaintiff brings two claims against Defendant Hicks in his Amended Complaint under 42 U.S.C. § 1983.[5] In Count I, Plaintiff alleges that Defendant Hicks deprived him of his Eighth Amendment right to be free from cruel and unusual punishment by failing to adequately treat his fractured left hand. (*Id.* ¶¶ 82–84.)

---

[3] Plaintiff's Amended Complaint includes other details about Drs. Levin and Durrani's treatment of Meade. (*Id.* ¶¶ 20–35). However, since the Motion at issue focuses on Defendant Hicks' conduct, a more detailed recitation of the doctors' treatment is not required.

[4] At the hearing on February 7, 2022, Plaintiff's counsel repeatedly stated that Plaintiff only submitted seven emergency grievances. Whether Plaintiff truly submitted seven or eight emergency grievances is unimportant to the Court's analysis here.

[5] Section 1983 is not "a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes." *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979).

4

In Count II, he alleges a similar violation of the Eighth Amendment by failing to adequately treat his broken right wrist.[6] (*Id.* ¶¶ 85–87.)

### III. ANALYSIS

Defendant Hicks argues that the Amended Complaint does not contain sufficient factual allegations to support the claims that Defendant Hicks violated the Eighth Amendment by denying Plaintiff adequate medical treatment. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This prohibition "encompasses 'the treatment a prisoner receives in prison and the conditions under which he is confined.'" *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Thus, an inmate can bring a claim alleging that an official's "deliberate indifference to [his] serious medical needs . . . constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Id.* An inmate who alleges such a claim must satisfy the two-pronged test set forth in *Farmer v. Brennan*. 511 U.S. 825, 832 (1994); *Scinto*, 841 F.3d at 225; *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (describing elements of test).

The first element of the *Farmer* test is the objective prong. *Scinto*, 841 F.3d at 225. In a case involving medical care, the objective prong requires a plaintiff to show he had a "'serious' medical need that has either 'been diagnosed by a physician as

---

[6] In Counts I and II, Plaintiff also alleges that Drs. Levin and Durrani failed to adequately treat his fractured left hand and broken right wrist in violation of the Eighth Amendment. (*Id.* ¶¶ 82–87.) The Amended Complaint brings three more counts against Dr. Levin and Dr. Durrani under Virginia law including two medical malpractice claims in Counts III and IV and a gross negligence claim in Count V. (*Id.* ¶¶ 88–101.) These claims are not before the Court at this time.

5

mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)). Plaintiff argues that the immense pain he suffered in his left hand and right wrist constitutes a serious medical need. At this stage, Defendant Hicks does not dispute that.

The second facet of the *Farmer* test is the subjective component. *Scinto*, 841 F.3d at 225. It calls for a plaintiff to show that the defendant acted with deliberate indifference. *Id.* Put another way, a plaintiff must show that the defendant knew of and disregarded an excessive risk to an inmate's health. *Id.* (citing *Farmer*, 511 U.S. at 837). This requires "two slightly different aspects of an official's state of mind." *Iko*, 535 F.3d at 241. It requires (1) "*actual knowledge of the risk of harm* to the inmate" and (2) recognition "'that [*her*] *actions were insufficient*' to mitigate the risk of harm to the inmate arising from his medical needs." *Id.* at 241 (quoting *Young v. City of Mt. Ranier*, 238 F.3d 567, 575–76 (4th Cir. 2001)); *see Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004); *Scinto*, 841 F.3d at 226.

The Amended Complaint contains no allegation that Defendant Hicks was directly involved in Meade's medical treatment. Nor does the Amended Complaint allege that Defendant Hicks is liable for the actions of Drs. Levin and Durrani merely because she is their supervisor. In an action brought under 42 U.S.C. § 1983, Defendant Hicks may not be held liable under a respondeat superior theory. *Monell v. Dep't of Soc. Servs. of City*

*of New York*, 436 U.S. 658, 691 (1978).[7] Instead, Plaintiff alleges that Defendant Hicks was deliberately indifferent to his serious medical needs because Defendant Hicks received eight emergency grievances about Meade's fractured left hand and broken right wrist and summarily declined to respond to them. (*Id.* ¶¶ 78–80.)

"[I]n the context of cases involving prisoner medical care claims, it is possible for officials not directly involved in the alleged constitutional violations to be put on sufficient notice of the violation" such that their failure to act constitutes deliberate indifference. *Rowe v. Clarke*, No. 3:19cv780, 2019 WL 2477612 at *4 (E.D. Va. June 13, 2019) (citing *Vance v. Peters*, 97 F.3d 987, 992–94 (7th Cir. 1996)). An official can be liable where "the communication in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to an excessive risk to inmate health or safety." *Metcalf v. GEO Group, Inc.*, No. 3:19cv842, 2021 WL 2385103 at *8 (E.D. Va. June 10, 2021) (quoting *Vance*, 97 F.3d at 993). After the communication puts her on notice of the excessive risk, the official is deliberately indifferent if she "turned a blind eye to it, failed to remedy it, or in some way personally participated." *Id.*

Plaintiff's allegation that Defendant Hicks received eight emergency grievances complaining of his hand and wrist injuries qualifies as sufficient notice that an excessive risk to Meade's health existed. *See id.*; *Iko*, 535 F.3d at 241 (requiring a knowledge of the excessive risk generally); (Am. Compl. ¶¶ 60–76 (stating that grievances complained

---

[7] While there are limited ways to hold an employer or supervisor liable under Section 1983, Plaintiff does not rely on any of them in his Amended Complaint. *See Lytle v. Doyle*, 326 F.3d 462, 471 (4th Cir. 2003) (listing methods of holding an employer or supervisor liable under Section 1983).

7

of "immense pain" and lack of medical treatment).) Plaintiff further alleges that, after receiving the emergency grievances, Defendant Hicks responded with denials and inaction. (*Id.* ¶¶ 78–80.) Meade sufficiently alleges that Defendant Hicks was on notice of and failed to remedy his critical medical needs allegedly denied by Drs. Levin and Durrani. *See Metcalf*, 2021 WL 2385103 at *8; *Iko*, 535 F.3d at 241 (requiring that the officer consciously disregard the risk of harm).

Of course, as Defendant Hicks notes, "[i]f a prisoner is under the care of medical experts, . . . a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands." *Iko*, 535 F.3d at 242 (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). However, Defendant Hicks does not cite to any evidence that she denied Meade's emergency grievances because she was relying on the medical expertise of Drs. Levin and Durrani. Even if Defendant Hicks did present evidence, at the motion to dismiss stage, the Court generally only considers the well-pleaded factual allegations in the complaint.[8] *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015). According to the Amended Complaint, Defendant Hicks "took no action" after receiving Meade's emergency grievances. (Am. Compl. ¶ 79.) Discovery may reveal that Defendant Hicks *did* take some action and *did* rely on the expertise of Drs. Levin and Durrani. At this stage, however, the Court cannot dismiss the allegations

---

[8] At the hearing on February 7, 2022, Defendant Hicks argued that she could rely on the medical judgment of Drs. Levin and Durrani because the emergency grievances contained information regarding what treatment Meade had already received. This may be true, but the Amended Complaint only alleges that Defendant Hicks knew Meade was in immense and continuing pain and did not know much about his treatment. (Am. Compl. ¶ 79.) At this stage, the Court must rely on the record at hand.

against Defendant Hicks based on those grounds.

## IV. CONCLUSION

The Court finds that Plaintiff's Amended Complaint provides sufficient factual allegations that, if accepted as true, state a claim for relief against Defendant Hicks. Thus, Defendant Hicks' Motion to Dismiss will be denied.

An appropriate Order will accompany this Memorandum Opinion.

                                                                  /s/
                                           Henry E. Hudson
                                           Senior United States District Judge

Date: February 11, 2022
Richmond, Virginia